## IN THE COURT OF APPEALS OF IOWA

No. 16-0396
Filed April 27, 2016

**IN THE INTEREST OF C.M., W.M., AND P.M.,**
**Minor children,**

**A.K., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan Flaherty, Associate Juvenile Judge.

A mother appeals the juvenile court's termination of her parental rights to her children. **AFFIRMED.**

Michael M. Lindeman of Lindeman Law, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, for minor children.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

A mother appeals the juvenile court's termination of her parental rights to her children, C.M., W.M., and P.M.[1] She argues termination was inappropriate both because her children could have been safely returned to her custody at the time of the termination hearing and because of the closeness of her relationships with her children. We find the juvenile court correctly determined the children could not be safely returned to the mother's care. We also find the mother's bond with her children was not so strong as to preclude termination. We therefore affirm.

**I. Background Facts and Proceedings**

C.M. was born in 2008 and is seven years old. W.M. was born in 2010 and is five years old. P.M. was born in 2012 and is three years old. In June 2014, their father was convicted of federal weapons charges. He is currently serving his sentence in federal prison. Shortly after the father was sent to prison, the mother and children were evicted from their apartment. They became homeless and stayed either with friends or at a local motel. In October 2014, the family came to the attention of the Iowa Department of Human Services (DHS) due to allegations the mother was using methamphetamine while caring for the children.

A child abuse assessment found the children were dirty and living in a debris-cluttered motel room. Drug paraphernalia was located in the room, including several pipes and other items suggesting methamphetamine use. One of the pipes was found in a diaper bag P.M. was unpacking. The mother

---

[1] The father's parental rights were also terminated, but he has not appealed.

admitted to having used the drug several days prior but stated she had been outside of her children's presence at the time because she was in the bathroom with the door locked. C.M. reported he was often left alone in the family's motel room with his younger siblings, sometimes for long periods of time. As a result of the founded child abuse assessment, the children were removed from the mother's care and placed with their paternal grandparents. C.M., W.M., and P.M. were adjudicated to be children in need of assistance in November 2014.

The mother was given access to a number of services including parenting education, housing assistance, and mental health and substance abuse treatment. She did not follow through with treatment and medications recommended by mental health professionals and also failed to successfully complete several substance abuse programs. She initially participated in inpatient treatment at the Heart of Iowa residential substance abuse treatment program but was asked to leave because she continued to use methamphetamine. She then attempted inpatient treatment at MECCA Services but was asked to leave for possession of pain medication and for testing positive for benzodiazepine. Finally, the mother participated in an Area Substance Abuse Council inpatient program but was eventually asked to leave for smoking on campus and other reasons. The mother also failed to comply consistently with court-ordered drug testing. She went in for testing only thirty-nine out of the eighty-eight times she was called to do so. She tested positive for methamphetamine as recently as October 2015.

A contested termination hearing was held on November 10, 2015. After hearing testimony from a DHS social worker and reviewing a number of

documents submitted by the State, the juvenile court found the mother had made insufficient progress in addressing her substance abuse issues and was unable to provide her children a safe and stable environment as a result. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2015) as to C.M. and W.M. and section 232.116(1)(h) as to P.M.

The juvenile court explicitly considered whether termination was in the children's best interests. The court noted the children did have a bond with the mother, although it had been weakened since their removal from her care more than a year earlier. The juvenile court also found the children were very bonded to their paternal grandparents and felt comfortable and secure in their grandparents' home. The paternal grandparents showed interest in adopting the children and were open to allowing ongoing contact in some form with both parents, which the juvenile court found would be beneficial to the children. The court concluded termination of the mother's and father's parental rights was in C.M., W.M., and P.M.'s best interests because it would allow for the children to achieve permanency, safety, and stability through adoption.

The mother appeals.

## II. Standard of Review

We conduct a de novo review of proceedings terminating parental rights. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of conclusions drawn from it. *Id.*

Although we are not bound by the factual determinations of the juvenile court, we do give weight to them, particularly regarding the credibility of witnesses. *Id.* The primary consideration of our review is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

### III. Analysis

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *Id.* Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *Id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory factors set forth in section 232.116(3) should serve to preclude termination. *Id.*

The mother makes two arguments on appeal. First, she argues her children could have been safely returned to her care and as a result, the State failed to prove by clear and convincing evidence the final element of the ground for termination as to each of her children. *See* Iowa Code § 232.116(1)(f)(4), (h)(4). Second, she argues the juvenile court's decision to terminate her parental rights was improper because a statutory factor weighing against termination was present. *See Id.* § 232.116(3)(c) ("The court need not terminate the relationship between the parent and child if the court finds . . . [t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.").

Upon our de novo review, we agree with the juvenile court's conclusion that C.M., W.M., and P.M. could not be safely returned to the mother's care at the time of the termination hearing. The mother's repeated failures in inpatient substance abuse treatment programs and recent positive drug tests show that she has not resolved the substance abuse issues that led to the removal of her children from her care. She has also failed to address adequately her mental health needs. The issues that necessitated her children's removal continue to exist, and as a result, C.M., W.M., and P.M. could not be safely returned to her care on November 10, 2015.

We also agree with the juvenile court's conclusion that termination was appropriate in spite of the fact the children were bonded to the mother. The language of 232.116(3) is permissive, so a juvenile court may choose to forego termination if any of the listed circumstances are satisfied, but the court is not obligated to do so. *See In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). Here, although it is true the children were bonded with their mother, we find they were also bonded with their paternal grandparents. The paternal grandparents wished to adopt the children and give them stability their mother could not. Termination is in C.M., W.M. and P.M.'s best interests because it will best serve their physical, mental, and emotional needs and further their long-term nurturing and growth.

**AFFIRMED.**